```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                        NORTHEN DIVISION

TREBOR J. DUKES,                *
                                *
     Plaintiff,                 *
                                *
vs.                             *  CIVIL ACTION NO. 16-00381-CG-B
                                *
YMCA OF SELMA DALLAS COUNTY,    *
et al.,                         *
                                *
     Defendants.                *
```

**REPORT AND RECOMMENDATION**

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant Ann Murray's Motion to Dismiss and Motion to Strike. (Docs. 3, 12). The motions are ripe for resolution. Upon review of the motions, and the supporting and opposing briefs and materials, the undersigned **recommends** that the motions be **granted**.

**I. Background Facts**

Plaintiff Trebor J. Dukes filed the instant employment discrimination action against Defendants YMCA of Selma Dallas County (hereinafter "YMCA") and Ann Murray. Plaintiff seeks to raise claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Ala. Code § 25-4-78. In his complaint, Plaintiff alleges

1

that he was employed by the YMCA, that Ann Murray, in her role as executive director of the YMCA, wrongfully demoted him, that he complained to the board chairman about the wrongful or discriminatory treatment towards him, including being called the "Fat Black Guy" and that no action was taken in response to his complaint.  Plaintiff further alleges that he was treated less favorably than white employees, and that Murray terminated him in retaliation for complaining about race discrimination and for filing a charge with the Equal Employment Opportunity Commission (Doc. 1-1 at 7-11).

In her motion to dismiss, Defendant Murray argues that Plaintiff's claims against her in her official capacity under Title VII, § 1981, and § 1983 are redundant of the claims alleged against Defendant YMCA; thus, those claims should be dismissed. (Doc. 3)  According to Defendant, there is no reasonable expectation that Plaintiff will or could recover any damages or relief against Defendant Murray in her official capacity separate and distinct from potential damages or relief that Plaintiff could recover against Defendant YMCA. (Id. at 5). Defendant Murray also asserts that Ala. Code § 25-4-78 sets forth the circumstances under which an employee will be disqualified from state unemployment benefits, but does not create a private cause of action. (Id. at 2). Defendant further argues that Plaintiff's affidavit, submitted in connection with

his response in opposition to Defendant Murray's motion to dismiss, should be stricken because on a 12(b)(6) motion, the Court's inquiry is restricted to the complaint. (Doc. 12).

In Plaintiff's response in opposition, he argues that the allegations in his complaint are sufficient to hold Ann Murray liable in her individual capacity. (Doc. 10). According to Plaintiff, while a corporation must act through its employees, Defendant Murray's willful discrimination against him should not absolve her from any degree of individual liability. (Id. at 5-6). Along with his response in opposition, Plaintiff submitted his affidavit (Doc. 10-1), which contains additional factual assertions in support of his complaint.

## II. Discussion

### A. Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the plaintiff claim is. . . . and the grounds upon which it rests." Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept the allegations in the complaint as true, and the facts must be construed in the

light most favorable to the plaintiff. Lopez v. Target Corp., 676 F. 3d 1230, 1232 (11th Cir. 2012).

Typically, a court reviewing a motion to dismiss under rule 12(b)(6) is limited to the four corners of the complaint, however, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal" without converting the motion into a motion for summary judgment. See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006)(citation omitted). See also Esch v. Universal Pictures Co., 2010 U.S. Dist. Lexis 140543 (M.D. Ala. Nov. 1, 2010)(affidavit stricken as evidence outside the scope of the motion to dismiss). In this case, Plaintiff's affidavit is not referenced in nor incorporated into his complaint. Because the affidavit is clearly outside the four corners of the complaint, it should be stricken.

**B. Analysis**

As a preliminary matter, the undersigned observes that Plaintiff's complaint is not the model of clarity. In the style of Plaintiff's complaint, Ann Murray is listed as a defendant "in Official Capacity". (Doc. 1-1). Also, in the body of the complaint, Plaintiff avers that "Defendant, Ann Murray is the Executive of the Y.M.C.A.[,] and is being sued in her official

4

capacity". (Id. at 7). However, in his response in opposition to Defendant Murray's motion to dismiss, Plaintiff asserts that individual liability should be imposed on Defendant Murray due to her personal involvement in the alleged discriminatory treatment against him. Yet, Plaintiff's complaint expressly provides otherwise, and to date, he has made no attempt to seek leave to assert claims against Defendant Murray in her "individual capacity". Accordingly, his claims against Murray are being analyzed as "official capacity" claims.

> "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent." Penley v. Eslinger, 605 F.3d 843, 854 (11th Cir. 2010) (citation omitted); see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1309 (11th Cir. 2009) ("A claim asserted against an individual in his or her official capacity is, in reality, a suit against the entity that employs the individual.")(citation omitted); Cook ex rel. Estate of Tessler v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.") (citation omitted); Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) ("We start with the proposition that a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents."); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials ....").
>
> Raby v. Reese, 2016 U.S. Dist. LEXIS 54688 at *20 (S.D. AL

April 25, 2016).

Based on the extant law, the undersigned finds that Plaintiff's "official capacity" claims against Defendant Murray are due to be dismissed because Plaintiff has asserted the same claims against his former employer, YMCA. Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e—2(a)(1). The relief granted under statute is against the employer, not individual employees who violated the Act. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006)(relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company). Accordingly, individual capacity suits under Title VII are inappropriate, and the only proper defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer. See Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). However, where the employer has

been named as a defendant in a Title VII suit, it is redundant to name the supervisory employee in his or her official capacity. Busby, 931 F.2d at 776. Accordingly, Plaintiff's Title VII claims against Murray are inappropriate and should be dismissed.

With respect to Plaintiff's § 1983[1] claims, he asserts that the YMCA is a nonprofit corporation, that its officers' conduct was done "under color of state law" and pursuant to a custom or practice endorsed are approved by the board of directors and its chairman. (Doc. 1-1 at 7-9). A § 1983 claim against a defendant in her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent. Graham, 473 U.S. at 165.  Where the entity may be sued, there is no need to allow an official capacity action. Busby, 931 F.2d at 776.  Accordingly, Plaintiff's 1983 official capacity suit against Murray is properly understood as an action against the YMCA, and as such, it is clearly redundant of Plaintiff's 1983 claims against the YMCA.  Thus, it is due to be dismissed.

Finally, Plaintiff has also asserted § 1981[2] claims against

---

[1] §1983 "provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." Williams v. Board of Regents of Univ. Sys. Of GA, 477 F. 3d 1282, 1299 (11th Cir. 2007).

[2] §1981 protects individuals from discrimination during the

Murray in her official capacity. However, § 1983 constitutes the exclusive remedy against purported state actors for violations of the rights contained in § 1981. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 736, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989); see also Butts v. County of Volusia, 222 F.3d 891, 893 (11th Cir. 2000). And, as discussed previously, Plaintiff's 1983 official capacity claims against Murray are due to be dismissed because they are redundant of the claims against the YMCA.

## I. Conclusion

For the reasons set forth above, the undersigned finds that Defendant Murray's Motion to Dismiss and Motion to Strike be **granted**.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

### Notice of Right to File Objection

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

---

making of contracts and creates a federal right of action. Webster v. Fulton County, Ga., 283 F.3d 1254 (11th Cir. 2002); 42 U.S.C.§ 1981 (a).

636(b)(1); FED.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The Parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interest of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **19th** day of **October, 2016.**

                                                      **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**